NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JACKSON HEWITT INC., | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 11-662 (DMC)(JAD) |
| | : | |
| SEMO TAX SERVICES, INC., a Missouri | : | |
| Corporation, and KAREN LANCE, an | : | |
| individual, | : | |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on the Motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") for Default Judgment against Defendant SEMO Tax Services, Inc. ("SEMO") and Defendant Karen Lance ("Lance") (collectively, "Defendants") (ECF No. 7), and on the Motion of Defendants to Vacate Default and to Allow Defendants to File an Answer Out of Time. (ECF No. 9). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Plaintiff's Motion is **granted** and Defendants' Motion is **denied**.

**I.     BACKGROUND**

Plaintiff is a Virginia corporation with its principal place of business located in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. SEMO is a Missouri corporation with its principal place of business in Missouri, and is a former Jackson Hewitt franchisee. Compl. ¶ 2. Lance is a citizen of Missouri who owns 100% of SEMO. Compl. ¶ 3. Plaintiff and SEMO entered into three

substantially identical Franchise Agreements (the "Agreements," Ex. 1 to Dec. of Arnold Janofsky, ECF No. 7-3) for the operation of certain Jackson Hewitt income tax preparation businesses in Missouri. Compl. ¶ 8. Lance is a guarantor of SEMO's obligations under the agreements. Compl. ¶ 3. On December 28, 2010, Plaintiff terminated the Agreements by letter to Defendants. Compl. ¶ 55. According to the Agreements, Defendants were required to comply with certain post termination obligations, including obligations to: (1) return all confidential, proprietary, and trade secret information and client files to Jackson Hewitt; (2) de-identify each franchise location by discontinuing the use of the Jackson Hewitt Marks, trade dress, signs, and other forms of advertising; (3) transfer all telephone numbers; (4) pay all monies due and owing to Jackson Hewitt under the franchise agreement; (5) pay the principal sums and interest pursuant to the terms of the promissory notes made by Defendants; and (6) comply with the terms of the post termination covenant not to compete. Compl. ¶ 10. Plaintiff states that Defendants failed to comply with the post termination obligations, and failed to pay all monies due under the agreement.

Plaintiff filed this action on February 4, 2011, seeking all past due amounts and interest owed by Defendants pursuant to Paragraphs 5, 6.1, 8.4, 8.7, and 15.1 of the Agreements. Additionally, Plaintiff seeks an injunction enforcing the post termination obligations set forth in Paragraphs 12.3.2, 18.2, 18.6, 18.7, 20.3(a)-(j), 28.6, 28.14 of the Agreements, damages for Defendants' infringing and other wrongful conduct pursuant to Paragraph 28.6 of the Agreements, and attorneys fees and costs as set forth in Paragraph 28.18 of the Agreements.

Defendants were required to answer or otherwise plead on or before March 14, 2011. On May 3, 2011, Defendants had failed to answer or otherwise plead, and Plaintiff sought to have the Clerk to enter the default of Defendants. ECF No. 6. On May 5, 2011, the Clerk entered the default.

On May 23, 2011, Defendants moved for Default Judgment. Defendants filed Opposition, a Motion to Vacate Default, and a Motion for Permission to File an Answer out of Time on June 1, 2011. Plaintiff filed Opposition papers to Defendants' Motion to Vacate Default on June 13, 2011. ECF No. 12. Defendants filed Reply papers to Plaintiff's Opposition on June 28, 2011. ECF No. 13. The matter is now before this Court.

## II.     STANDARD OF REVIEW

A decision to set aside the entry of default is left primarily to the discretion of the District Court. Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002); United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984). In a close case, however, doubts should be resolved in favor of setting aside the default and reaching a decision on the merits. Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982); see also $55,518.05 in U.S. Currency, 728 F.2d at 194-195 (stating that the Third Circuit "does not favor entry of default or default judgments.")

Three factors should be evaluated when considering a motion to set aside a default under FED. R. CIV. P. 55(c) or to reopen a default judgment under FED. R. CIV. P. 60(b): first, whether the plaintiff will be prejudiced; second, whether the defendant has a meritorious defense; and third, whether culpable conduct of the defendant led to the default. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d. Cir. 1984). The second factor, whether defendant has asserted a meritorious defense, is a threshold issue in determining whether to set aside a default. Interior Finish Contractors Ass'n of Delaware Valley v. Drywall Finishers Local Union No. 1955, 625 F.Supp. 1233, 1239 (E.D.Pa. 1985) (citing Hritz, 732 F.2d at1181; $55,518.05 in U.S. Currency, 728 F.2d at 195)).

## III.    DISCUSSION

Defendants argue that the unusual circumstances of their attorneys' retention in this matter

provide sufficient cause to vacate the entry of default. Defs.' Mot. 1-4. Defendants' attorneys state that on March 9, 2011, they were contacted about the possibility of acting as local counsel. Defs.' Mot. ¶ 2. In anticipation of retention, Defendants' counsel contacted Plaintiff to request consent for an extension of time to file an answer, which Plaintiff consented to on or about March 14, 2011. Defs.' Mot. ¶¶ 3-6. On or about March 16, 2011, Defendants' counsel forwarded a Retainer Agreement to Defendants, along with a specific statement that they would not enter an appearance until they had received both the signed Retainer Agreement and the Retainer Amount. Defs.' Mot. ¶ 7. On or about March 24, 2011, Defendants' counsel received the Retainer Agreement, but not the Retainer Amount. Defs.' Mot. ¶ 9. After Plaintiff moved to enter default, Defendants' counsel conducted an investigation into its accounts, and discovered a book-keeping error in which the Retainer Amount was received but not acknowledged. Defs.' Mot. ¶ 16. Defendants contend that this error caused their local counsel to not enter an appearance on their clients' behalf, and that if not for the error, they would have entered an appearance, and an entry of default would have been avoided. Defs.' Mot. ¶ 23. Defendants therefore argue that these facts constitute "mistake, inadvertence, surprise and excusable neglect and that the Default should be vacated allowing the defendants to file an answer." Defs.' Mot. ¶ 23. Defendants did not submit a memorandum of law with their Motion, and have not directly addressed the factors of prejudice, whether the defendant has a meritorious defense, and whether culpable conduct of the defendant led to the default.

     As Plaintiff correctly notes, whether Defendants have established a meritorious defense is a threshold issue for this Court's consideration of the matter. This factor is established where the "allegations of a defendant's answer, if established at trial, would constitute a complete defense to the action." Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951). To make this

showing, Defendants must provide more than simple denials or conclusory statements; rather, they must allege specific facts as the grounds of their defense. $55,518.05 in U.S. Currency, 728 F.2d at 195.

The majority of the proposed Answer submitted with Defendants' Motion involves general denials or conclusory statements, which clearly are insufficient to survive the threshold factor of establishing a meritorious defense. ECF No. 9-3. The only factually specific allegation of Defendants' Answer is the following assertion:

> Jackson Hewitt's claims are barred as a result of Jackson Hewitt's prior material breaches of the Franchise Agreements, including their failure to provide adequate tax preparation software; misuse of the advertising fund; improper termination of the Franchise Agreements; and the failure to maintain a properly functioning financial reporting system as required by the Franchise Agreements.

Answer ¶ 133. This allegation does not, however, amount to a complete defense if established at trial. Pursuant to Paragraph Twenty of the Agreements, Defendants were permitted to terminate the Agreements either with Plaintiff's consent in writing, or if Plaintiff were in breach of a material provision of the Agreements. Agreements ¶ 20.1. Defendants' allegation indicates that their decision to unilaterally terminate the Agreements was permitted due to a material breach of the Agreements by Plaintiff. Paragraph Twenty of the Agreements, however, also indicates that termination for either permitted reason "will not relieve you of any obligation under this Agreement or any Collateral Agreements." Agreements ¶ 20.1. Defendants would thus not be relieved of the obligations at issue if their allegations were established at trial, and therefore, these allegations do not establish a complete defense. As the establishment of a meritorious defense is a threshold issue, this Court need not consider the issue of prejudice, or whether culpable conduct of Defendants led

to the default. See, e.g., $55,518.05 in U.S. Currency, 728 F.2d at 195 ("[T]here would be no point in setting aside the default judgment . . . if [defendant] could not demonstrate the possibility of his winning.")

Defendants' Motion to Allow Filing of an Answer Out of Time is also denied. FED R. CIV. P. 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is defined as "requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules . . . . '[H]alf hearted efforts at service' and 'inadvertence of counsel' do 'not amount to good cause.'" McCrae v. KLLM Inc., 89 F. App'x 361, 364 (3d Cir.2004) (citing Braxton v. United States, 817 F.2d 238, 241 (3d Cir.1987)). The Court does not find that the inadvertence of Counsel in this case amounts to good cause to warrant an extension of time to file an Answer.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **granted** and Defendants' Motion is **denied**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavnaugh
 Dennis M. Cavanaugh, U.S.D.J.

Date: December 27, 2011
Orig.: Clerk
cc: All Counsel of Record
 Hon. Joseph A. Dickson, U.S.M.J.
 File