NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **ORDER** |
| v. | Civil Action No. 11-662 (DMC)(JAD) |
| SEMO TAX SERVICES, INC., a Missouri Corporation, and KAREN LANCE, an individual, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on the Motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") for Default Judgment against Defendant SEMO Tax Services, Inc. ("SEMO") and Defendant Karen Lance ("Lance") (collectively, "Defendants") (ECF No. 7), and on the Motion of Defendants to Vacate Default, to Allow Defendants to File an Answer Out of Time, and to Allow the Vogler Law Firm, Two City Place Dr., Suite 150, St. Louis, Missouri, 63141-9037 to enter an appearance Pro Hac Vice. (ECF No. 9). The Court having considered all submissions, and based upon the Court's Opinion filed this day;

IT IS this ___27th___ day of December, 2011;

**ORDERED** that Defendants' Motion to Vacate Default is **denied**, and it is further

**ORDERED** that Defendants' Motion to Allow Defendants to File an Answer Out of Time is **denied**, and it is further

**ORDERED** that Defendants' Motion for Admission Pro Hac Vice is **granted**, and it is

further

**ORDERED** that Plaintiff's Motion for Default Judgment is **granted**; and it is further

**ORDERED** that Plaintiffs do recover of Defendants, jointly and severally, the sum of $80,048.67, the amount claimed including interest at the contractually agreed upon rate of 18%, with $580 in costs and disbursements, and attorneys fees in the sum of $5,070, amount in all to the sum of $85,698.67; and it is further

**ORDERED** that beyond the date of this Order, post-judgment interest with respect to the amount claimed will continue to accrue at the contractually agreed upon rate of 18% until the Judgment is paid in full; and it is further

**ORDERED** Plaintiffs are entitled to a permanent injunction against Defendants on the following terms:

1. Defendants, their employees, agents, independent contractors, and all those who act in concert or participation with them, are permanently enjoined from marketing, promoting, or offering tax return preparation services or any other businesses using the Jackson Hewitt Marks including, without limitation, the use of any and all print or telecommunications, advertisements, drafts, labels, signs, flyers, stationary, envelopes, forms, booklets, brochures, catalogues, circulars, pamphlets, periodicals, bulletins, instructions, minutes, other communications, purchase orders, contracts, agreements, licenses, books of account, orders, accounts, working papers and plans that refer to relate in any manner to the Jackson Hewitt Marks or to names and marks confusingly similar to the Jackson Hewitt Marks.

2. Defendants shall immediately provide Jackson Hewitt with access to and turn over all originals and copies of client files and information including client names, addresses, telephone

numbers and social security numbers on their computers from the former franchise territories.

3. Defendants shall immediately turn over to Jackson Hewitt the originals and all copies of trade secret, confidential, and proprietary information as that term is defined in Section 12.3 of the franchise agreements between the parties, whether contained on paper, disk or other computer storage media for the Territories.

4. Defendants shall immediately and fully de-identify their locations within the Territories from their appearance as Jackson Hewitt Tax Service franchise locations and, specifically, requiring Defendants to discontinue the use of the Jackson Hewitt Marks, including any trade dress and signs and any other forms of advertising or indicia that any location is operated as a Jackson Hewitt Tax Service franchise location.

5. Defendants shall immediately notify the telephone company and all listing agencies and advertising directories where their telephone numbers are listed, that Defendants no longer have the right to use any telephone numbers, listing, and advertisements using the Jackson Hewitt Marks; compelling Defendants to execute appropriate documents authorizing the transfer of all such telephone numbers, listings and advertisements to Jackson Hewitt or its designee; and compelling Defendants to deliver to Jackson Hewitt a copy of such documents of transfer.

6. Defendants are enjoined from directly or indirectly preparing or electronically filing individual income tax returns, teaching tax courses, offering Financial Products or owning, engaging in, operating, managing, purchasing, investing in (except to purchase stock in a publicly traded company listed on the national stock exchange), franchising, lending money to, leasing or subleasing to, or agreeing to sell or selling all or a majority of the assets of the franchise business or Territories to any competing tax business, as defined by the franchise agreements, within the Territories, and

within an area ten miles outside the boundaries of the Territories, until two years from the date of this Court's Order.

    7. Within ten days after entry of this Order, Defendants shall file with the Court and serve upon Plaintiff's counsel a written report, under oath, setting forth in detail the manner in which they have complied with this Order.

                                                      S/ Dennis M.Cavanaugh
                                                      Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Joseph A. Dickson, U.S.M.J. |
| | File |