NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 11-662 (DMC)(JAD) |
| SEMO TAX SERVICES, INC., a Missouri Corporation, and KAREN LANCE, an individual, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff Jackson Hewitt Inc. ("Plaintiff") for an Order enjoining John S. Lance, Austin Lance, John Tyler Lance, Ashley Lance, and Lance Ozark Enterprises, LLC ("Lance Ozark") (collectively, "Defendants"), and all others in active concert or participation with SEMO Tax Services, Inc. ("SEMO") and Karen Lance. ECF No. 14. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Plaintiff's Motion is **granted**.

## I.   BACKGROUND

On December 28, 2011, this Court entered an Opinion and Order granting Default Judgment in favor of Plaintiff against SEMO and Karen Lance. ECF Nos. 16, 17. The Order included an injunction enforcing various terms of post termination obligations against SEMO and Karen Lance, as well as all those who act in concert or participation with them. Order at 2-4. This Court also

entered an Order to Show Cause temporarily restraining Defendants from violating the same post termination obligations. ECF No. 18. Plaintiff now seeks to enjoin Defendants pursuant to that Order to Show Cause. Plaintiff states that Defendants, or those in active concert or participation with them, are currently operating tax preparation businesses under the name Tax Depot. Pl.'s Br. 8, ECF No. 14-1.

Tax Depot, LLC was a limited liability company registered to do business in Missouri, whose initial registered agent was John S. Lance. Articles of Organization, Ex. 5 to Dec. of James S. Coons ("Coons Dec."), ECF No. 14-12. Over time, Austin Lance, and later Karen Lance took over the role of registered agent. Ex. 5 and 6 to Coons Dec. Tax Depot, LLC filed Articles of Termination shortly after Plaintiff terminated franchise agreements between Plaintiff and Tax Depot, LLC. Ex. 7 to Coons Dec., ECF No. 14-14. Prior to the termination of Tax Depot, LLC, however, a limited liability company named Lance Ozark registered the fictitious name "Tax Depot." Ex. 8 to Coons Dec., ECF No. 14-15. Lance Ozark is registered to John Tyler Lance and Ashley Lance. Ex. 9 to Coons Dec., ECF No. 14-16.

Plaintiff asserts that Defendants, and those in active concert or participation with them, are operating Tax Depots in the following former Jackson Hewitt franchise locations: 1616 West Business Highway 60, Dexter, Missouri 63841 ("Dexter"); 215 North Main, Sikeston, Missouri 63801 ("Sikeston"); 1369 North Westwood Boulevard, Poplar Bluff, Missouri 63901 ("Poplar Bluff"), and 1018 South Westwood Boulevard, Poplar Bluff, Missouri 63901 ("South Westwood"). Pl.'s Br. 8-9. Each location has storefront signs indicating that the location is a Tax Depot location, and each location appears to be offering a tax school. Dec. of Christopher Taylor ("Taylor Dec.") ¶¶ 4-7, ECF No. 14-18.

On December 28, 2011, Plaintiff served copies of the December 28, 2011 Opinion, Order, and Order to Show Cause, via United Parcel Service Next Day Delivery on John S. Lance, Austin Lance, John Tyler Lance, Ashley Lance, and Lance Ozark. Cert. of Service, ECF No. 23-1. No opposition to Plaintiff's Motion has been filed with this Court.

## II.   STANDARD OF REVIEW

Injunctive relief is an "'extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharms. Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.2004) (citations omitted). A court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. at 708. FED. R. CIV. P. 65(d)(2) provides that the orders of an injunction bind the parties, the parties' officers, agents, servants, employees, and attorneys, and "other persons who are in active concert or participation" with any of the above, provided that such persons receive actual notice of the injunction, by personal service or otherwise.

## III.   DISCUSSION

This Court has already determined that Plaintiff is entitled to an injunction against SEMO and Karen Lance. The issue presented here is not whether the four injunctive relief criteria have been demonstrated, but rather, whether the injunction binds John S. Lance, Austin Lance, John Tyler Lance, Ashley Lance, and Lance Ozark.

Defendants' involvement with Tax Savers, as demonstrated by Tax Savers' corporate

records, as well as the evidence presented by Plaintiff concerning the operation of Tax Savers businesses in former Jackson Hewitt locations run by SEMO and Karen Lance, convinces this Court that Defendants are indeed acting in active concert or participation with SEMO and Karen Lance. Further, Plaintiff's personal service of this Court's Opinion, Order, and Order to Show Cause demonstrates that Defendants were aware of this Court's Orders, but continued in their operation of Tax Savers businesses nonetheless. The Court therefore finds that Defendants are bound by the injunction issued against SEMO and Karen Lance on December 28, 2011.

While the Court is mindful that enjoining Defendants requires an exercise of jurisdiction over non-residents, the Court is convinced that such an exercise of jurisdiction is proper. "The mandate of an injunction runs nationwide, and the violation of an injunction is cognizable in the court which issued the injunction regardless of where it occurred." JTH Tax, Inc. v. Lee, 540 F.Supp.2d 642, 647 (E.D. Va. 2007) (citing Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451 (1932), Stiller v. Hardman, 324 F.2d 626, 628 (2d Cir.1963)). Further, "[n]onparties who reside outside the territorial jurisdiction of a district court may be subject to that court's [personal] jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order. This is so despite the absence of other contacts with the forum." Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir.1985); see also Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391-92 (9th Cir.1995) (concurring with the reasoning of Waffenschmidt but declining to extend the holding to those residing outside of the United States); Savarese v. Agriss, 883 F.2d 1194, 1209 (1989) (only exception to rule that injunctions do not bind persons who are not actual parties to an action or in privity with any of them "involves nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant or his privy in violating the

injunction"); 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2956 at 555-57 (1973) (accord). As Defendants are bound by this Court's injunction, and did have actual notice of that injunction, Defendants are subject to this Court's jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **granted**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:        January 26 2012
Original:    Clerk
cc:          All Counsel of Record
             Hon. Joseph A. Dickson, U.S.M.J.
             File