NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JACKSON HEWITT, INC.<br><br>Plaintiff,<br><br>v.<br><br>SEMO TAX SERVICES INC., a Missouri Corporation; KAREN LANCE, an individual<br><br>Defendants. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No: 11-00662 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendant SEMO Tax Services, Inc. ("SEMO") and Defendant Karen Lance ("Lance") (collectively "Defendants") and John S. Lance, Austin Lance, John Tyler Lance, Ashley Lance and Lance Ozark Enterprises, LLC (collectively "the Other Lance Parties") for Reconsideration of this Court's January 26, 2012 Order, granting Jackson Hewitt Inc.'s ("Plaintiff") Order to Show Cause. (ECF No. 25). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants and the Other Lance Parties' Motion is **denied**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts of this action are well known to the parties, and will not be set forth here. A thorough explanation of those facts is set forth in this Court's Opinion dated January 26,

2012. (ECF No. 24). On February 24, 2012 Defendants and the Other Lance Parties filed the present Motion for Reconsideration, asserting that the Other Lance Parties should not be subject to the preliminary injunction and temporary restraints granted in the January 26, 2012 Order. (ECF No. 29). Plaintiff filed Opposition on March 5, 2012. (ECF No. 32). Defendants filed a Reply on March, 12, 2012. (ECF No. 33.) The matter is now before this Court.

## II.     **STANDARD OF REVIEW**

Motions for reconsideration in this District are governed by D.N.J. CIV. R. 7.1(i). U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion for reconsideration shall be served and filed within fourteen days after the entry of the Order on the original motion by the Judge. Further, Rule 7.1(i) requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked." A motion pursuant to Rule 7.1(i) may be granted in only three limited circumstances. Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). The first involves establishment that an intervening change in the controlling law has occurred. Id. The second involves presentation of new evidence that could not have been confronted in the prior disposition because it was not previously available. Id. The third involves correcting a clear error of law or preventing manifest injustice involved in a prior order. Id.

Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d

1485 (3d Cir. 1994). It is improper to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." <u>Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.</u>, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### III.  DISCUSSION

Motions to reconsider may be granted "where evidence not previously available has become available." L. CIV. R. 7.1. "'New evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." See <u>Howard Hess Dental Laboratories, Inc. v. Dentsply Int'l, Inc.</u>, 602 F.3d 237, 252 (3d Cir. 2010) (citations omitted). Here, Defendants and the Other Lance Parties mistakenly assert that the evidence submitted as the basis for their reconsideration is new. Defendants and the Other Lance Parties claim that they did not respond to Plaintiff's Order to Show Cause because they relied on the advice of previous counsel, who stated that Plaintiff's Order to Show Cause was merely an scare tactic and need not be answered. This alleged ineffective assistance of counsel is the only explanation given as to why the evidence now submitted with the instant Motion was not previously provided to this Court.

Plaintiff correctly argues that the evidence now presented by the moving parties is not new, as Defendants and the Other Lance Parties contend, simply because it is now presented before this Court for the first time. The facts now presented with Defendants and the Other Lance Parties current Motion were readily known and available to be presented to the Court before the Order to Show Cause was decided. Defendants and the Other Lance Parties do not offer any

3

evidence to the contrary. The fact that Defendants and the Other Lance Parties allegedly did not receive competent legal advice, and thus, did not offer evidence in response to the Order to Show Cause, may give them a claim for malpractice, but it does not constitute a reason for reconsideration. *See* Lorenzo v. Moore, No. 06-2717, 2011 WL 2784437 (D.N.J. July 12, 2011) ("Plaintiff's argument that his attorney should have raised the issue immediately amounts to a claim of ineffective assistance of counsel. Allegations of ineffective assistance of counsel, however, do not provide a basis for relief in a civil case.") (citing In re Fleurantin, No. 09-4376, 2011 WL 1108246, at *2) (citation omitted). Accordingly, Defendants and the Other Lance Parties' Motion will be denied.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration is **denied**. An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      September 7, 2012
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Joseph A. Dickson, U.S.M.J.
           File

4